UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------- X

SAMUEL HENDERSON,

                           Plaintiff,  **COMPLAINT**

      -against-

                                **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK; NYPD P.O.
VICVIGGERS; P.O. DIODONET; P.O. JOHN DOES
#1-5; the individual defendant(s) sued
individually and in their official
capacities,

                           Defendants.

--------------------------------------- X



## PRELIMINARY STATEMENT

1. This is a civil rights, common law, and tort action in which plaintiff seeks relief for the violation of his rights secured by the laws of the State of New York; New York State Constitution; 42 U.S.C. §§ 1983 and 1988; and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. Plaintiff's claims arise from an incident that took place on January 27, 2014 and January 28, 2014. During the incidents, the City of New York, and members of the New York City Police Department ("NYPD") subjected plaintiff to, among other things, unlawful search and seizure, excessive force, false arrest, failure to intervene, and implementation and continuation of an unlawful municipal policy, practice, and custom, and respondeat superior liability. Plaintiff seeks

compensatory and punitive damages from the individual defendants, compensatory damages from the municipal defendant, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.  Within 90 days of the conclusion of the incidents alleged in this complaint, plaintiff served upon defendant City of New York a Notice of Claim setting forth the name and post office address of plaintiff, the nature of the claim, the time when, the place where and the manner in which the claim arose, and the items of damages or injuries claimed.

3.  More than 30 days have elapsed since plaintiff's demands and/or claims were presented to defendant City of New York for adjustment and/or payment thereof, and the defendant has neglected and/or refused to make any adjustment and/or payment.

4.  Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

5.  Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Bronx County, and Bronx County is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

6. Plaintiff Samuel Henderson, is an African-American male, who is a resident of the State of New York, Bronx County.

7. At all times alleged herein, defendant City of New York was a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

8. At all times alleged herein, defendants NYPD P.O. Vicviggers; P.O. Diodonet and John Does #1-5 were New York City Police Officers employed with the 40th Precinct, located in Bronx County, New York or other as yet unknown NYPD assignment, who violated plaintiff's rights as described herein.

9. The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

10. On January 27, 2014 at and in the vicinity of 136th Street and Lincoln Avenue, Bronx County, Bronx, New York, New York, and the 40th Precinct, Bronx, New York, several police officers operating from the 40th Precinct, including, upon information and belief, defendants NYPD P.O. Vicviggers and John Doe #1, at times acting in concert, and at times acting independently, committed the following illegal acts against plaintiff.

11. On January 27, 2014, at approximately 8:50 a.m., at and in the vicinity of 136th Street and Lincoln Avenue, Bronx County, Bronx, NY, NYPD P.O. Vicviggers and John Doe #1, without either consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime, stopped plaintiff, asked him for ID, questioned him, and then gave him a ticket for "Jay-Walking." Plaintiff was not "Jay-Walking".

12. On January 28, 2014 at and in the vicinity of Lincoln Hospital, 234 East 149th Street and Lincoln Hospital, Bronx County, Bronx, New York, New York, and the 40th Precinct, Bronx, New York, several police officers operating from the 40th Precinct, including, upon information and belief, defendants NYPD P.O. Diodonet and John Doe #2, at times acting in concert, and at times acting independently, committed the following illegal acts against plaintiff.

13. On January 28, 2014, plaintiff was driving his son to school.

14. While driving his son to school, plaintiff was in a car accident.

15. Plaintiff called the police and ambulance.

16. The ambulance subsequently arrived and took plaintiff to Lincoln Hospital.

17. Once in Lincoln Hospital, NYPD P.O. Diodonet, and P.O. John Doe #2, found plaintiff, who was in a gurney.

18. NYPD P.O. Diodonet, and P.O. John Doe #2 arrested plaintiff.

19. During the arrest, they placed excessively tight handcuffs on plaintiff.

20. Plaintiff asked the officers numerous times to loosen the handcuffs.

21. The officers did not loosen the handcuffs.

22. These officers took plaintiff to Bronx Criminal Court.

23. Plaintiff was told that he had outstanding warrants.

24. However, no valid warrants existed for plaintiff.

25. Plaintiff was then taken to Brooklyn Criminal Court.

26. In Brooklyn Criminal Court, plaintiff was taken downstairs, where he was handcuffed and waiting on a bench for approximately 4 hours outside of a record room.

27. Plaintiff was then taken to Brooklyn Central Booking, where his arrest was processed.

28. Plaintiff was placed in a cell.

29. Plaintiff requested medical treatment from police officers John Does #1-5.

30. They denied him medical treatment.

31. Plaintiff requested his prescription medication, from police officers John Does #1-5.

32. They denied his request.

33. Plaintiff has a medical history of anxiety and had been prescribed medication for it.

34. Plaintiff suffered a panic attack, while being detained in the cell.

35. Plaintiff was then taken back to Brooklyn Criminal Court.

36. Plaintiff was once again told that he had an open warrant.

37. However, no valid warrants existed.

38. Plaintiff was released from the courthouse.

39. The individual defendants acted in concert committing the above-described illegal acts toward plaintiff.

40. Plaintiff did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above incidents.

41. The defendants acted under pretense and color of state law and within the scope of their employment. Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said

defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his rights.

42. As a direct and proximate result of defendants' actions, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

43. Plaintiff is entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to plaintiff's rights.

44. Upon information and belief, the unlawful actions against plaintiff were also based on racial profiling.

### FIRST CLAIM

#### (FALSE ARREST UNDER FEDERAL LAW)

45. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

46. Defendants falsely arrested plaintiff without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

47. Accordingly, defendants are liable to plaintiff for false arrest under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.